UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Mark Conroy and Robert Dalsin, as Trustees of the Roofers Local No. 96 Health and Welfare Fund; Chris Cronin and James Hadel, as Trustees of the Roofers and Waterproofers Research and Education Joint Trust Fund; and Robert Dalsin and Kinsey Robinson, as Trustees of the National Roofing Industry Pension Fund,

    Plaintiffs,

v.

Marianne's Roofing Company LLC, a Wisconsin limited liability company, separately and doing business as "W.J. Woodruff Roofing Contractors,"

    Defendant.

Case No. 18-cv-436 (JRT/SER)

**REPORT AND RECOMMENDATION**

Thomas C. Atmore, Esq., Leonard, O'Brian, Spencer, Gale & Sayre, Ltd., Minneapolis, Minnesota, for Plaintiffs

STEVEN E. RAU, United States Magistrate Judge

The above-captioned case comes before the undersigned on the Court's Order to Show Cause [Doc. No. 38] and Plaintiffs' submission of fees and costs pursuant to the Honorable John R. Tunheim's Order granting fees and costs "incurred by enforcing the Court's Order Dated March 29, 2018."[1] *See* (Order Dated June 25, 2018, "Fees Order") [Doc. No. 37 at 2]; *see also* (Aff. of Thomas C. Atmore & Request for Attorney's Fees & Costs, "Atmore Aff. & Request for

---

[1] The Plaintiffs are the trustees of the Roofers Local No. 96 Health and Welfare Fund, the National Roofing Industry Pension Fund, and the Roofers and Waterproofers Research and Education Joint Trust Fund. (Compl.) [Doc. No. 1 ¶ 1].

Fees") [Doc. No. 39] (affidavit and associated exhibits filed in support of Plaintiffs' request for fees). This matter was referred for the resolution of pretrial matters pursuant to 28 U.S.C. § 636(b)(1) and District of Minnesota Local Rule 72.1. (Order of Reference) [Doc. No. 30]. For the reasons stated below, the Court concludes that Defendant Marianne's Roofing Company LL ("Defendant") is in contempt and Plaintiffs' requested fees and costs of $7,201.64 are both reasonable and necessarily incurred in enforcing past orders of the Court. On the basis of Marianne's Krueger ("Krueger") filing of chapter 7 bankruptcy, however, the automatic stay prevents assessments of sanctions and fees against her. Consequently, this Court recommends that Defendant be held in contempt and that a monetary sanction of $100 per day be assessed against Defendant until it complies with Chief Judge Tunheim's Order Dated March 29, 2018 ("March Order") [Doc. No. 20]. Furthermore, the Court recommends awarding Plaintiffs' fees as requested, but limited in scope such that Plaintiffs may only recover said fees from Defendant and not Krueger at this time.

## I. SANCTIONS FOR CONTEMPT

The Court concludes that Defendant is in contempt of Chief Judge Tunheim's March Order. "Specifically, it is undisputed that Defendant . . . ha[s] failed to 'cooperate with the conduct of a payroll audit by Plaintiffs' Third Party Administrator, including **immediately providing** such other books and records or information as the Third Party Administrator may require to complete the payroll audit' as ordered." (Order to Show Cause at 2) (quoting March Order).

In Chief Judge Tunhein's March Order, he noted that "[p]ursuant to Rule 65(d)(2) of the Federal Rules of Civil Procedure, this Order binds Marianne's Roofing, its owner Marianne Krueger, and any other members, officers, or directors of Marianne's Roofing." (March Order at

2). Furthermore, in a previous Report and Recommendation, this Court stated it "would be inclined to impose both monetary sanctions and confinement to coerce compliance with Chief Judge Tunheim's [March Order]. Ultimately, however, the final disposition of the Plaintiffs' Motion for a Finding of Civil Contempt should be premised on the Defendant's and Krueger's opportunity to explain their respective conduct." (Am. R&R Dated June 5, 2018) [Doc. No. 35 at 7] (footnote omitted). As a result, the Court ordered Defendant and Krueger to appear before it on July 24, 2018, to explain their conduct. *See* (Order to Show Cause at 2–3). Neither Defendant nor Krueger attended the hearing before the undersigned. *See* (Minute Entry Dated July 24, 2018) [Doc. No. 43]. Thus, the question is not whether sanctions are appropriate, but what form the sanctions take and against whom the sanctions are assessed.

First, as it relates to Krueger, this Court concludes that a finding of contempt cannot be finalized and sanctions cannot be assessed against her at this time. Critically, Plaintiffs informed the Court that Krueger filed for Chapter 7 bankruptcy protection in the Eastern District of Wisconsin. *See* (Letter & Ex. Dated July 20, 2018, "Letter & Ex.") [Doc. No. 42]. In their letter to the Court, Plaintiffs assert that some circuits allow for the assessment of sanctions stemming from contempt proceedings against a party notwithstanding the application of the automatic stay in bankruptcy proceedings pursuant to 11 U.S.C. § 362. *See* (Letter & Ex. at 1–2) (citing *In re Dingley*, 514 B.R. 591, 598–600 (B.A.P. 9th Cir. 2014); *Alper v. Lieb*, 11 F.3d 689, 690 (7th Cir. 1993)).[2] Plaintiffs note however, that this issue is far from settled and admit that the Eight Circuit has not weighed in on this question. *See* (*id.* at 1–2).

Bankruptcy courts in this district, however, are hostile to the line of reasoning in *Dingley*. *See, e.g.*, *In re Atkins*, 176 B.R. 998, 1005–06 (Bankr. D. Minn. 1994) (stating, e.g., that "[w]ith

---

[2]   When referencing the Letter and Exhibit, CM/ECF pagination is used.

all due respect to the courts that rendered these decisions, however, they are not well-founded"). Specifically, in *Atkins*, the court concluded that the statutory language in 11 U.S.C. § 362 controls and that "unless one of the specific exceptions of § 362(b) is applicable," debtors are "protected from the commencement or continuation of **any** judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the [debtor's bankruptcy] case." *Id.* at 1006. (alteration in original) (internal quotation marks omitted). Because the court in *Atkins* concluded that proceedings related to civil contempt do not fall within one of the statutory exceptions, "[t]he automatic stay . . . restrains all persons and entities from initiating civil contempt proceedings against a debtor in bankruptcy. It continues to do so until the bankruptcy court grants relief from the stay, or until the stay terminates by operation of 11 U.S.C. § 362(c)." *Id.* This reasoning is persuasive to the Court.[3] Thus to the extent that Plaintiffs seek to hold Krueger in contempt, the Court recommends that the automatic stay pursuant to 11 U.S.C. § 362 be enforced and that no finding of contempt be issued as to Krueger and that no sanctions be assessed against her at this time.

With respect to Defendant, the Court is unaware of anything that would demonstrate that Defendant has filed for bankruptcy protection. Thus, the Court recommends that Defendant be found in contempt and fined $100 per day until it complies with Chief Judge Tunheim's March Order by fully "cooperat[ing] with the conduct of a payroll audit by Plaintiffs' Third Party

---

[3]   Arguably, this Court already determined Krueger's conduct was sanctionable before she filed for bankruptcy. *See generally* (Order to Show Cause) (allowing Defendant and Krueger to mitigate sanctions through an explanation of their conduct). That said, during the hearing before the undersigned, Plaintiffs' counsel represented to the Court that Plaintiffs would likely seek a lift of the automatic stay in Krueger's bankruptcy proceeding in the Eastern District of Wisconsin. For the reasons stated above, until the automatic stay is lifted, the most prudent course of action is to stay the adjudication of Krueger's contempt in its entirety. Thus, this Court does not make a recommendation regarding whether Krueger is in contempt on the basis of her conduct at this time.

Administrator, including **immediately providing** such other books and records or information as the Third Party Administrator may require to complete the payroll audit' as ordered." *See* (March Order at 2).

## II.     ATTORNEY'S FEES

"Attorney's fees are within the broad discretion of the district court . . . ." *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005). "The starting point in determining attorney'[s] fees is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates." *Id.* (internal quotation marks removed). "When determining reasonable hourly rates, district courts may rely on their own experience and knowledge of prevailing market rates." *Id.* This Court has applied the lodestar analysis in determining the reasonableness of the fees requested.

Chief Judge Tunheim ordered that Plaintiffs "submit a request for attorneys' fees and costs to the Court for its review" within fourteen days of the Fees Order. *See* (Fees Order at 2). Plaintiffs timely submitted their request for fees and costs on July 6, 2018, including redacted invoices. *See* (Atmore Aff. & Request for Fees). At the outset, the Court notes that the redacted invoices that Plaintiffs initially provided demonstrate a request of $6,901.64. *See generally* (Atmore Aff. & Request for Fees). Plaintiffs, however, provided unredacted invoices pursuant to the Court's Order Dated July 18, 2018 [Doc. No. 41] (requesting unredacted copies of the invoices for *in camera* review). After careful review of the unredacted invoices provided for *in camera* review, this Court concludes that the $7,201.64 Plaintiffs incurred in fees and costs in enforcing the Court's orders is both reasonable and necessary under the circumstances.

First, the Court concludes that the hourly rates of $250 per hour for partners, $210 per hour for associates, and $115 per hour for paralegals is reasonable given prevailing market rates.

5

*Cf. Hanig*, 415 F.3d at 825; *see also Kaah Express FS, Inc. v. Osman*, No. 6-cv-3781 (JRT/FLN) 2007 WL 3232519 at *1 n.2 (D. Minn. Oct. 31, 2007) (Tunheim, J., adopting report and recommendation of Noel, Mag. J.) (affirming Judge Noel's conclusion that the hourly rates of $375 per hour for partners and $310 per hour for associates was reasonable).

Second, the Court concludes that the number of hours billed is reasonable in light of established Eighth Circuit law. *See Zoll v. E. Allamakee Comm'y Sch. Dist.*, 588 F.2d 246, 252 n.11 (8th Cir. 1978) (establishing twelve factors to consider including "(1) the time and labor required, (2) the novelty and difficulty of the question, [and] (3) the skill requisite to perform the legal services properly"). Specifically, given the difficulty of the legal question, the skill required to perform the legal work, and the importance of the issue to the Plaintiffs, the 2.2 hours of paralegal time, the 3.5 hours of associate time, and the 24.6 hours of partner time is a reasonable number of hours under the circumstances. As a result, this Court concludes that Plaintiffs' attorneys' fees of $7,138 are reasonable under the circumstances.

Furthermore, in this respect, the manner in which Defendant has engaged in this lawsuit lends support to the number of hours Plaintiffs spent in enforcing the Court's orders. Importantly, Defendant's conduct is both puzzling and necessarily incurs additional costs on the part of the Plaintiffs. In particular, Defendant continues to communicate with the Plaintiffs through counsel but Defendant's counsel failed to a notice an appearance or otherwise respond to the Court's orders. That is, the onus is on the Plaintiffs to keep Defendant apprised of the orders and report and recommendations of the Court through personal service of these documents. *See, e.g.*, (Order Dated March 15, 2018) [Doc. No. 18] (ordering that Plaintiffs serve Defendant with a report and recommendation); (Order to Show Cause at 3) (ordering that Plaintiffs serve Defendant with a copy of the Order to Show Cause). Thus, Plaintiffs' costs of $63.64 associated

with enforcing Chief Judge Tunheim's March Order are reasonable under the circumstances as well. Consequently, the total fees and costs of $7,201.64 are reasonable under the circumstances.

That said, for similar reasons related above regarding *Atkins* and the application of the automatic stay provisions in 11 U.S.C. § 362, this Court concludes that assessing the fees and costs against Krueger would violate the automatic stay provisions. *Cf. In re Atkins*, 176 B.R. at 1006. As a result, the Court recommends that the requested fees and costs of $7,201.64 be assessed against Defendant only.

### III. RECOMMENDATION

Based on the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendant Marianne's Roofing Company LLC ("Defendant") be found in contempt of court and fined $100 per day until it "cooperate[s] with the conduct of a payroll audit by Plaintiffs' Third Party Administrator, including **immediately providing** such other books and records or information as the Third Party Administrator may require to complete the payroll audit" as ordered by Chief Judge Tunheim's Order Dated March 29, 2018 [Doc. No. 20];

2. The Plaintiffs' Requests for Fees and Costs [Doc. No. 39] be **GRANTED**; and

3. Plaintiffs are entitled to $7,201.64 in fees and costs recoverable from Defendant only.

Dated: August 9, 2018

*s/Steven E. Rau*
STEVEN E. RAU

United States Magistrate Judge

## Notice

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore, not appealable directly to the Eighth Circuit Court of Appeals.

Under D. Minn. LR 72.2(b)(1) "a party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).